UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CENTRAL FACILITIES OPERATING
COMPANY, L.L.C.                                  CIVIL ACTION

VERSUS                                           NUMBER 11-660-JJB-SCR

CINEMARK U.S.A., INC., ET AL

**RULING ON MOTION TO STAY OR FOR OTHER RELIEF**

Before the court is the Motion Filed by Plaintiff, Central Facilities Operating Company, L.L.C., for a Stay of All Discovery Until After Plaintiff's Motion to Remand Has Been Decided, and Motion for an Extension of Time to Respond to Discovery Propounded to Plaintiff by Defendant, Cinemark USA, Inc., and/or Alternatively, Motion for an Extension of Time to Respond to Discovery Propounded to Plaintiff by Defendant, Cinemark USA, Inc., for an Additional Thirty (30) Days, or Through March 14, 2012. Record document number 32.

After the court notified the parties the no ruling would be issued until either all defendants have filed a response to the motion or the time for them to so has expired, which ever is earlier, the plaintiff filed an amended motion.[1]  Defendant Cinemark USA, Inc. filed a response to original motion.[2]

As the lengthy title of the plaintiff's motion indicates, the

---

[1] Record document number 36.

[2] Record document number 37.

plaintiff seeks multiple or alternative forms of relief: (1) a stay of all discover until the court rules on its pending motion to remand;[3] (2) an extension of time until 30 days after the court rules on its motion to remand for it to serve its responses to defendant Cinemark USA's discovery requests; and, (3) an extension of time for 30 days for it to serve its responses to defendant Cinemark USA's discovery requests, through March 14, 2012.

Plaintiff asserted in its amended motion that counsel for defendant Jones Lang LaSalle Americas, Inc. advised that it concurs with defendant Cinemark USA's response to the motion. Defendant Cinemark USA agreed to the third form of relief sought by the plaintiff: an extension of time until March 14 for it to serve its responses to the defendant's discovery requests.[4] Therefore, this aspect of the plaintiff's motion will be granted.

Defendant Cinemark USA opposed the other two forms of relief sought by the plaintiff. Plaintiff's argument in support of that relief is unpersuasive. The only basis for it is the pending motion to remand. But the plaintiff did not assert that there would be any material difference in its objections or substantive discovery responses if they were made pursuant to state discovery rules as compared to the Federal Rules of Civil Procedure. Nor did the plaintiff assert that the information and documents sought by

---

[3] Record document number 30.

[4] *Id.* at 1.

defendant Cinemark USA is clearly not relevant to the plaintiff's claims, or would not be discoverable if those claims were to proceed in state court.

Although staying discovery until a motion to remand or substantive motion is decided is sometimes warranted, the plaintiff has not shown that doing so is warranted in the current circumstances of this case.

Accordingly, the plaintiff's motion is granted insofar as the plaintiff sought an extension of time until March 14, 2012 to serve its responses to defendant Cinemark USA's discovery requests. In all other respects, the plaintiff's motion is denied.

Baton Rouge, Louisiana, February 3, 2012.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE