UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CENTRAL FACILITIES OPERATING COMPANY, L.L.C.<br>　　　　　Plaintiff,<br><br>VERSUS<br><br>CINEMARK U.S.A. INC., PERKINS ROWE ASSOCIATES, L.L.C., PERKINS ROWE ASSOCIATES II, L.L.C., PERKINS ROWE BLOCK A CONDOMINIUMS, L.L.C. AND JONES LANG LASALLE AMERICAS, INC.,<br>　　　　　Defendants. | CIVIL ACTION<br><br>NUMBER 1 l-660-JJB-SCR<br><br><br>JUDGE JAMES J. BRADY<br><br>MAGISTRATE JUDGE<br>STEPHEN C. RIEDLINGER |

## **PROTECTIVE ORDER**

WHEREAS, documents, things and information may be furnished or disclosed in this action that contain or constitute trade secret, proprietary or other confidential proprietary research, development, marketing or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, and in accordance with the Ruling on Motion for Protective Order and Motion to File Memorandum and Exhibits Under Seal, record document number 39;

IT IS HEREBY ORDERED THAT;

1.　　This Protective Order shall apply to and shall govern the formal and informal production and exchange of all documents, tangible things or information subject to discovery in this action that are in possession, custody or control of a party, or of a non-party, as well as to answers to interrogatories, depositions, responses to requests for admissions, exhibits, transcripts, all other

1

discovery taken pursuant to the Federal Rules of Civil Procedure, pleadings, and testimony adduced at hearings or trial.

2. Any party or non-party may designate as "CONFIDENTIAL" any document, tangible thing or information, or any part thereof, that contains, reflects or discloses any trade secret, proprietary or other confidential information of that party or non-party, regardless of form, including, but not limited to, confidential research, development, commercial, or business information, which such party or non-party reasonably and in good faith believes contains, reflects or discloses competitively sensitive or proprietary information, trade secrets, or information subject to privacy rights of an individual. The "CONFIDENTIAL" designation extends to both the documents, tangible things or information so designated and to the substance of the information so designated and excerpts, studies, compilations or similar documents containing or compiled from said information. Documents, tangible things or information so designated are hereinafter collectively referred to as "Confidential Information."

3. Confidential Information shall not include any information that is or was public knowledge, or subsequently becomes public knowledge, through no violation of this Protective Order. In addition, Confidential Information shall not include documents, tangible things or information that are already in the requesting party's possession where such are (i) received without restriction, (ii) received without violation of any confidentiality or non-disclosure agreement in effect at the time the same were transmitted, or (iii) are otherwise available to the general public.

4. Confidential Information may be designated as "CONFIDENTIAL" in the following manner:

(a) By prominently imprinting on each page of the document or the first page of a voluminous document, identifying the entire document as confidential, and on a prominent place on each tangible thing which the producing party wishes to designate as confidential, the word "CONFIDENTIAL";

(b) By prominently imprinting the word "CONFIDENTIAL" next to or above any response to an interrogatory, request for admission or other discovery requests;

(c) By prominently imprinting the word "CONFIDENTIAL" upon any responses, affidavits, briefs, memoranda or other papers filed with the Court in this action; and

(d) With respect to depositions, a party or non-party may designate testimony or information disclosed during a deposition as "CONFIDENTIAL" by indicating on the record at the deposition the testimony that contains Confidential Information and which is to be made subject to the provisions of this Protective Order. If any portion of a videotaped deposition is designated "CONFIDENTIAL", the videocassette, videotape, CD-ROM, DVD-ROM, or other storage container shall be labeled "CONFIDENTIAL." Whether designation is made at the time of a deposition, each transcript and/or video rendering of any deposition shall be treated as being designated "CONFIDENTIAL" in its entirety, from the taking of the deposition until thirty (30) days after actual receipt of the transcript and/or videotape. In addition to making the designation at the time of deposition, any party or non-party also may designate the deposition transcript as "CONFIDENTIAL" by notifying counsel of record and the court reporter in writing within thirty (30) days after receipt of the transcript of those portions of the transcript to be so designated. If no such designation is made either at the time of a deposition or by the expiration of said thirty (30) day period, the entire transcript shall be deemed non-confidential.

5. Nothing in this Protective Order, nor any failure by any party to challenge a designation

by another party or non-party of any documents, tangible things or information as Confidential Information, shall be construed as an admission or agreement that any specific documents, tangible things or information is or is not Confidential Information, or is or is not subject to discovery, or is or is not admissible in evidence.

6. Except with the prior written consent of the producing party or non-party or upon prior order of the Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions and restrictions of this Order.

7. Confidential Information and any summary, description, analysis or report containing such Confidential Information, shall not be used, discussed, revealed or disclosed by the receiving party, except as otherwise herein may be allowed, in any manner or form to any person other than the following "Permitted Recipients":

(a) Counsel of record for each party and KeyBank National Association ("KeyBank") in its capacity as plaintiff in the action entitled *KeyBank National Association v. Perkins Rowe Associates, L.L.C., et al.*, Civil Action No. 09-497-JJB-SCR (the "Foreclosure Litigation"), pursuant to which Jones Lang LaSalle Americas, Inc. was appointed Keeper, and members, associates, or employees of their firms, and employees of those firms assigned to assist counsel in the prosecution, defense or settlement of this action;

(b) Inside counsel and paralegals, secretaries and staff of the parties and KeyBank assigned to assist in the prosecution, defense or settlement of this action;

(c) The parties' experts and consultants and the secretarial and clerical staffs of such experts and consultants (hereinafter "experts"), upon the condition that the experts, for themselves and their staff members, shall agree in writing to be bound by the terms of this Protective Order, as set forth in Exhibit A;

4

(d) The officers, directors, managing agents and employees of the parties and KeyBank who are involved in the prosecution or defense of this litigation;

(e) Any federal or state regulators or authorities to whom disclosure is required;

(f) A witness at any deposition or other proceeding in this action, provided that, as to witnesses not otherwise entitled to see Confidential Information under the terms of the other subparts of Paragraph 7, the disclosing party has a good faith basis to discuss or reveal the Confidential Information to the witness for the sole purpose of prosecuting, defending, and/or appealing this action and provided that such witness has agreed in writing to be bound by the terms of this Protective Order, as set forth in Exhibit A;

(g) A witness for any private interview conducted by or for a party who has a good faith basis to discuss or reveal the document to the witness for the sole purpose of prosecuting, defending, and/or appealing this action, provided that, as to witnesses not otherwise entitled to see Confidential Information under the terms of the other subparts of Paragraph 7, the witness shall be instructed regarding the terms of this Protective Order, shall be instructed not to retain any copy, notes or other memorializations of Confidential Information, and shall agree in writing to be bound by the terms of this Protective Order, as set forth in Exhibit A;

(h) The Court, persons employed by the Court, jurors and prospective jurors in this action, appellate courts, and appellate court personnel performing judicial functions related to this case;

(i) Any court reporter, typist or videographer recording or transcribing testimony or argument in this action;

(j) Clerical, ministerial, or litigation support service providers, such as outside copying support, electronic discovery, or trial presentation or graphics personnel, retained to

assist a party or KeyBank or their counsel;

(k) Persons who are currently or formerly employed by the disclosing party or non-party and have been demonstrated either (A) to have participated in the preparation of such Confidential Information or (B) currently or formerly to have or have had a legitimate right of access to such Confidential Information or to have had knowledge about the Confidential Information contained within the document designated as "CONFIDENTIAL"; and

(l) Contract attorneys and contract paralegals, provided that such persons have agreed in writing to be bound by the terms of this Protective Order, as set forth in Exhibit A.

8. In the event a party or non-party produces files and records as maintained in the regular course of business and an authorized inspecting party desires to inspect them first before any copies are made, no "CONFIDENTIAL" designation need be made by the party or non-party in advance of said inspection. For purposes of the inspection, all material produced shall be considered as having been designated "CONFIDENTIAL". Thereafter, upon selection of specified documents by the inspecting party for copying, the producing party shall mark as "CONFIDENTIAL" the specific copies it wishes to so designate.

9. Each party who obtains an executed copy of Exhibit A hereto from any person or entity to whom Confidential Information is or may be disclosed shall be under an affirmative obligation to preserve and maintain such Exhibit A.

10. Except as agreed in writing by the designating party, information designated as "CONFIDENTIAL" shall be maintained in confidence, and in a secure and safe area, by the Permitted Recipient(s) to whom it is disclosed; may be used by such Permitted Recipient(s) only for the purpose of this litigation and for no other purpose; and may be disclosed by such Permitted Recipient(s) only to another Permitted Recipient in accordance with this Protective

Order. All Permitted Recipients shall exercise due and proper care with respect to the storage, custody and use of all information so designated. To avoid duplication of effort, notwithstanding any restrictions in the protective order entered by this Court in the Foreclosure Litigation, documents produced under the protective order in the Foreclosure Litigation may also be used in this action and shall be covered by this Protective Order as well.

11. The Clerk of Court is directed to maintain under seal all documents, tangible objects, transcripts and other materials filed with this Court in this action by any party or non-party which are, in whole or in part, designated as Confidential Information, including all pleadings, depositions, trial or hearing transcripts, exhibits, discovery responses or memoranda purporting to contain or paraphrase such information. The party or non-party filing such material shall file **the Confidential Information as an exhibit to a related pleading, motion, memorandum, or other document** in the CM/ECF system with a motion to file under seal or with the Clerk of Court in a sealed envelope or other appropriate sealed container prominently marked with the legend "CONFIDENTIAL", the caption of the case and the notation:

> SUBJECT TO PROTECTIVE ORDER ENTERED IN CASE NO. 3:11-CV-00660-JJB-SCR. This envelope is not to be opened nor are the contents thereof to be displayed or revealed except: (1) to the Court and then resealed; (2) by written agreement of the parties; or (3) by prior Order of this Court.

A second copy of any pleading or paper specifically intended for review by the Court may be hand-delivered to the Court's chambers identically marked to assure that the same is brought promptly to the Court's attention.

12. Any party may at any time request in writing from any other party or non-party that the "CONFIDENTIAL" designation be removed in its entirety or only with respect to disclosure to

an identified person or persons. Upon receipt of such request, the parties and/or non-parties shall confer in good faith as to the status of the subject documents, tangible things or information and its disclosure. If the parties are unable to agree, the party seeking disclosure may move the Court for an Order permitting disclosure and the burden to sustain the "CONFIDENTIAL" designation shall be on the designating party.

13. Any such party that moves the Court for an Order permitting disclosure of Confidential Information shall have first complied with the procedure set forth in the forgoing paragraph.

14. Nothing contained in this Protective Order shall restrict the use or disclosure of Confidential Information to the extent permitted under applicable law, including without limitation any extant obligations under contract.

15. Subject to the provisions herein, if another court, administrative agency, or any other person subpoenas or orders production of Confidential Information that a party has obtained through discovery in this case under the terms of this Protective Order, such party shall immediately notify the producing party or non-party of the pendency of such subpoena or order, shall object to such production on the basis of this Protective Order, and shall use its best efforts to afford the producing party or non-party an opportunity to be heard by the court, administrative agency, or other body prior to any disclosure of Confidential Information.

16. The failure of any party or non-party to designate any document, tangible thing or information as "CONFIDENTIAL" shall not be deemed a waiver in whole or in part of a party's or non-party's claim of confidentiality, either as to the specific document, tangible thing or information disclosed or as to the subject matter hereof. Any document, tangible thing or information not designated as "CONFIDENTIAL" at the time of its disclosure may later be designated "CONFIDENTIAL" by the disclosing party or non-party as soon as reasonably

possible after the disclosing party or non-party becomes aware of its failure to so designate the document, tangible thing or information by notifying all recipients in writing of the "CONFIDENTIAL" designation, and thereafter all recipients shall treat the subsequently designated document, tangible thing, information or other material as Confidential Information in accordance with the terms of this Order to the extent that such document, tangible thing, information or other material has not been made public.

17. The production (whether inadvertent or not) of any document, tangible thing, information, or other material covered by an attorney-client, attorney work product, or other applicable evidentiary privilege that would enable a party or non-party to withhold documents, tangible things, information or other material from production shall not constitute a waiver or impairment of any claim of privilege (including under the attorney-client privilege or work product doctrine) concerning any such documents, tangible things, information or other material or the subject matter thereof. Any such party or non-party shall have the right to re-designate as privileged or withhold such documents, tangible things, information or other material that it produces or has produced. If production occurs, the allegedly privileged materials, together with all copies and notes thereof, shall be returned to the producing party or non-party or, in the case of notes, destroyed, as soon as practicable after demand of the producing party or non-party or its designee; provided that demand therefore is made the sooner of (i) the conclusion of the deposition at which such document, tangible thing, information or other material is first marked as an exhibit, or (ii) prior to the close of fact discovery. Return of the allegedly privileged information in no way prejudices or impairs the returning party's rights to challenge the privilege contention of the producing party or non-party; provided, however, that the basis of such challenge shall not include an argument that the producing party waived the privilege or

protection by inadvertent production. Any such challenge shall be filed under seal and the document submitted for an in camera inspection by the Court.

18.     In the event any person or party subject to this Protective Order violates or threatens to violate any term of this Protective Order, the aggrieved party or non-party may immediately apply to the Court to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.  In any such proceeding, no person subject to the provisions of this Protective Order shall assert as a defense that the aggrieved party or non-party possess an adequate remedy at law.

19.     The parties agree that the United States District Court for the Middle District of Louisiana has jurisdiction over all persons producing or receiving documents for the purpose of enforcing this Protective Order.

20.     This Protective Order applies only to the treatment of Confidential Information during pre-trial proceedings in this action and does not apply to trial or post-trial proceedings, which will be subject to further stipulation or order.  At the time of trial or post-trial proceedings, the Court may take such steps as it deems reasonably necessary to preserve the confidentiality of Confidential Information.

21.     The provisions of this Protective Order shall survive the termination or conclusion of this action.

22.     Within 120 days after final conclusion of all aspects of this action, including all appeals, all Confidential Information and all copies of same (other than exhibits of record) shall be returned to the designating party or non-party or destroyed, unless the designating party or non-party agrees in writing to some other disposition.  Each party shall confirm in writing that all documents have been returned to the designating party or non-party or destroyed and that no

copies have been retained or remain in the possession of the non-designating party. Notwithstanding the foregoing, attorney work product and briefs, pleadings, written discovery responses, transcriptions of testimony and exhibits thereto, expert reports, evidence adduced at trial, and other court papers prepared or used in this action need not be returned or destroyed, but shall remain subject to the provisions of this Protective Order.  **Confidential Information filed with the Clerk of Court as an exhibit shall be disposed of after the conclusion of the case as provided by Local Rule 79.3**

23. Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it has been "So Ordered." Any party may move the Court, after notice to the other party, to modify or grant relief from any provision of this Protective Order.

Baton Rouge, Louisiana, February 6, 2012.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

1. I, _____, have read the foregoing Protective Order entered in an action entitled Central Facilities Operating Company, L.L.C. v. Cinemark U.S.A., Inc., et al., No. 3:1 l-cv-00660-JJB-SCR, Middle District of Louisiana ("Action"), and agree to be bound by its terms with respect to any documents, tangible things, information or materials that are furnished to me as set forth in the Protective Order.

2. I will not directly or indirectly disclose to anyone who is not otherwise permitted to receive them under this Protective Order any documents, tangible things, information or materials designated "CONFIDENTIAL".

3. I hereby consent to the jurisdiction of the United States District Court for the Middle District of Louisiana, solely for purposes of enforcing the terms of this Protective Order.

4. I hereby agree that any documents, tangible things, information or materials marked "CONFIDENTIAL" furnished to me will be used by me only for the purposes of this Action and for no other purpose, and will be returned to the person who furnished such documents, tangible things, information or materials to me or destroyed.

_____
Signature            Date