UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CENTRAL FACILITIES OPERATING
COMPANY, L.L.C.                               CIVIL ACTION

VERSUS                                        NUMBER 11-660-JJB-SCR

CINEMARK U.S.A., INC., ET AL

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 29, 2012.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CENTRAL FACILITIES OPERATING
COMPANY, L.L.C.

CIVIL ACTION

VERSUS

NUMBER 11-660-JJB-SCR

CINEMARK U.S.A., INC., ET AL

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Plaintiff's Motion for Remand to State Court. Record document number 30. Defendants Cinemark USA, Inc., and Jones Lang LaSalle Americas, Inc., filed oppositions.[1]

For the reasons which follow, the plaintiff's motion should be denied.

**Background**

Plaintiff Central Facilities Operating Company, L.L.C., filed a Petition to Recover Amounts Due on Unpaid Invoices and/or for Unjust Enrichment, and Damages for Trespass, and for Attorneys' Fees and Costs in state court (hereafter, "Petition"). Named as defendants are Cinemark USA, Inc., Jones Lang LaSalle Americas, Inc., Perkins Rowe Associates, L.L.C., Perkins Rowe Associates, II, L.L.C., and Perkins Rowe Block A Condominiums, L.L.C. (hereafter,

---

[1] Record document numbers 44 and 49. A very small part of the opposition filed by defendant Jones Lang LaSalle Americas, Inc., remains under seal. Record document number 47-2. See record document number 48, Ruling on Motion to File Memorandum Under Seal.

collectively "Perkins Rowe Defendants").  Defendant Jones Lang LaSalle Americas, Inc. (hereafter, "JLL") removed the case to this court asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.[2]  Although both the plaintiff and the Perkins Rowe Defendants are Louisiana citizens, defendant JLL asserted that the citizenship of the Perkins Rowe Defendants should be ignored because they were improperly joined.

Plaintiff moved to remand, arguing that it "stated viable causes of action" against the Perkins Rowe Defendants under Louisiana law, and "[u]nder the facts pled" there is far more than merely a reasonable basis to predict that it can recover against them under state law.  Although the Perkins Rowe Defendants are Louisiana citizens, in its supporting memorandum the plaintiff addressed only claims against one of them, Perkins Rowe Associates, L.L.C. (which the plaintiff refers to as Perkins Rowe I). Plaintiff supported its motion with a copy of the lease between itself and Central Facilities, L.L.C.,[3] a copy of the lease between Perkins Rowe Associates, L.L.C. and defendant Cinemark,[4] the

---

[2] Defendant Cinemark consented to the removal. Record document number 1, Notice of Removal, p. 1.

[3] Record document number 29-5, Exhibit 2 (under seal).

[4] Record document number 29-6 — 29-9, Exhibit 3 (under seal).

declarations of Jerrilyn "Jerri" Vasta[5] and Allen A. Lagauite,[6] and the Amended Operating Agreement of Central Facilities Operating Company, L.L.C.[7]

Defendants Cinemark and JLL argued in their oppositions that the plaintiff's Petition does not allege facts which show there is a reasonable probability of recovering against the Perkins Rowe Defendants on the plaintiff's theory of unjust enrichment. Insofar as the plaintiff alleged other facts or urged other claims or theories of recovery, including open account, in its supporting memorandum which are not contained in the Petition, the defendants argued that these should not be considered by the court. Nevertheless, even if the court would consider them, they provide no basis to predict the plaintiff could recover against the Perkins Rowe Defendants.

## Applicable Law

The party seeking removal based on improper joinder of an in-state party bears a heavy burden of proving that the joinder was improper. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and

---

[5] Record document number 29-10, Exhibit 4 (under seal).

[6] Record document number 29-11, Exhibit 5 (under seal).

[7] Record document number 29-12, Exhibit 6 (under seal).

1359. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825 (2005). Since the purpose of the inquiry is to determine whether the in-state defendant was properly joined, the focus must be on the joinder, not the merits of the plaintiff's case. *Id*.

There are two recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id*., *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). In the latter situation the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant. Stated another way, there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Smallwood*, 385 F.3d at 573; *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6), Fed.R.Civ.P., analysis or by piercing the pleadings and conducting a summary judgment inquiry. *Id*. In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-removing party. *Carriere v. Sears, Roebuck and Co*. 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111

S.Ct. 60 (1990).

Post-removal affidavits may be considered only to the extent the factual allegations in them clarify or amplify the claims actually alleged in the state court petition. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). Post-removal filings may not be considered when, or to the extent that, they present new causes of action or theories of recovery not raised in the petition filed in state court. *Id.*, citing *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995).

Louisiana Civil Code article 2298 is the source of the remedy called unjust enrichment.[8] Article 2298 provides as follows:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.
> The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less.
> The extent of the enrichment or impoverishment is measured as of the time the suit is brought or, according to the circumstances, as of the time the judgment is rendered.

The five requirements needed to establish a claim based on unjust enrichment are: (1) an enrichment of the defendant, (2) an impoverishment of the plaintiff, (3) a connection between the

---

[8] The theory of recovery is formally known as *actio de in rem verso*. *Edwards v. Conforto*, 636 So.2d 901, 903 (La.1993); *Minyard v. Curtis Products, Inc.*, 251 La. 624, 205 So.2d 422 (1967).

5

enrichment and the resulting impoverishment, (4) an absence of "justification" or "cause" for the enrichment and the impoverishment, and (5) no other remedy at law is available to plaintiff. *Baker v. Maclay Properties, Co.*, 648 So.2d 888, 897 (La. 1995), citing *Minyard, supra*; *Edmonston v. A-Second Mortgage Co. of Slidell, Inc.*, 289 So.2d 116 (La.1974); *Creely v. Leisure Living, Inc.*, 437 So.2d 816, 820 (La.1983); *Edwards*, *supra*.

The remedy of unjust enrichment is, and has always been, subsidiary in nature; it "shall not be available if the law provides another remedy." *Carriere v. Bank of Louisiana*, 95-3058, p. 17 (La. 12/13/96), 702 So.2d 648, 671 (on rehearing). The existence of a "remedy" which precludes application of unjust enrichment does not imply the ability to actually recoup the impoverishment by bringing an action against another person. It merely connotes the ability to bring the action or seek the remedy. *Carriere*, 702 So.2d at 672 (on rehearing).[9] Actually pleading another cause of action, delictual or contractual, precludes a plaintiff from seeking to recover based on unjust enrichment. *See Walters v. MedSouth Record Management, LLC*, 10-0353, p. 2, (La. 6/4/10) 38 So.3d 243, 244 (delictual action actually pled precludes unjust enrichment claim), citing *Gallant Investments, Ltd. v. Illinois Central R. Co.*, 08–1404, p. 9 (La.App. 1 Cir. 2/13/09), 7

---

[9] When there is a rule of law directed to the issue, an action must not be allowed to defeat the purpose of said rule. *Carriere*, 702 So.2d at 658 (on writ of certiorari).

6

So.3d 12, 18 ("we conclude that any equitable action for unjust enrichment is precluded by the availability of the unambiguously-pleaded delictual action"). The mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment. *Walters,* at p. 2, 38 So.3d at 244, citing *Jim Walter Homes v. Jessen*, 98–1685, p. 13 (La.App. 3 Cir. 3/31/99), 732 So.2d 699, 706 ("[t]o find that Jim Walter Homes now has no other remedy and to provide it one under unjust enrichment would be tantamount to allowing any plaintiff who let his cause of action prescribe, or any plaintiff who knowingly wrote a bad contract, to recover under an enrichment theory").

**Analysis**

The starting place to determine whether any of the Perkins Rowe Defendants has been improperly joined is the Petition. The Petition alleges the following <u>facts</u> relevant to that determination:

1. Defendant Perkins Rowe Associates entered into a Theater Lease with defendant Cinemark in 2005, and defendant Cinemark began operating the theater in December 2007.[10]

2. The Theater Lease calls for chilled water to be separately

---

[10] This lease was not filed with the Petition. Plaintiff filed it in support of its motion to remand. Record document number 29-6 — 29-9, Exhibit 3 (under seal).

metered to the theater and to be paid for by defendant Cinemark separately from the monthly lease payments to defendant Perkins Rowe Associates.

3. Central Facilities, L.L.C. owns a facility capable of providing chilled water to the businesses and residents located at Perkins Rowe Shopping Center.

4. Plaintiff leased the facility owned by Central Facilities, L.L.C. for the purpose of operating it.[11]

5. Defendant Perkins Rowe Associates arranged for chilled water to be supplied by the plaintiff to defendant Cinemark pursuant to the Theater Lease, with the "understanding" that the plaintiff would bill defendant Cinemark for the water provided.[12]

6. Plaintiff provided chilled water to defendant Cinemark since December 2007 and invoiced the defendant on approximately a

---

[11] The lease agreement was not filed with Petition. Plaintiff filed it in support of its motion to remand. Record document number 29-5, Exhibit 2 (under seal).

[12] Record document number 1-2, ¶ 7. Plaintiff is not a party to the Theater Lease and is not mentioned in it. The terms of the Theater Lease do not require Perkins Rowe Associates to provide chilled water; the lease requires only that it cause all necessary utilities to be separately metered to the Theater. Record document number 29-6, p. 13 (lease page 10), Article VII (under seal). It is unclear which entity or entities allegedly had this "understanding" – the plaintiff, defendant Cinemark, defendant Perkins Rowe Associates, or some combination of them. Other than the Theater Lease itself, which as noted above does not mention the plaintiff, the Petition does not allege any specific facts upon which this "understanding" is based. Nonetheless, for the purpose of this report, the court assumes that the "understanding" was shared by all three.

monthly basis. Evidence of the amounts billed by the plaintiff to defendant Cinemark since December 2007 are attached as Exhibit B to the Petition.[13]

7. Defendant Cinemark has not paid any of the plaintiff's invoices, despite amicable demands made at various times and most recently on December 22, 2010.

8. Defendant JLL was appointed by this court as the Keeper for the Perkins Rowe Shopping Center in July 2009.[14]

9. Defendants JLL and the Perkins Rowe Defendants knew that defendant Cinemark has not paid the plaintiff for the chilled water it supplied. Defendants JLL and the Perkins Rowe Defendants did not require defendant Cinemark to make payments for the chilled water, and "have been attempting to use the unpaid amounts for chilled water as an offset in a separate dispute with Cinemark under the Perkins Rowe [Associates /] Cinemark lease that has nothing to do with the plaintiff, ..."[15]

As to any of the non-diverse Perkins Rowe Defendants, the plaintiff made only one claim in the Petition: unjust enrichment.[16]

---

[13] Record document number 1-2, Exhibit B. Paragraph 9 of the Petition references the invoices as an attached exhibit, but the invoices were not filed with the Petition when the case was removed.

[14] *Id.* ¶ 1.

[15] *Id.* ¶ 15.

[16] Record document number 1-2, Petition, ¶ 15. There is no
(continued...)

9

Defendants JLL and Cinemark correctly argued that court must determine the issue of improper joinder based on the facts alleged and the claims made in the Petition - and not based on some other facts which the plaintiff might have alleged or claims which it might have made. Therefore, the plaintiff's alternative or additional theories of recovery against the Perkins Rowe Defendants asserted in its supporting memorandum are not properly before the court in connection with the motion to remand.[17] And since the facts alleged in the Petition at best support the assertion of the unjust enrichment claim against only defendant Perkins Rowe Associates, the remainder of the report will address whether the facts alleged are sufficient to plausibly support an unjust enrichment claim against it.[18]

---

[16](...continued)
need to address whether the plaintiff pled a viable unjust enrichment claim, or any other viable claim, against defendants Cinemark and JLL; there is no dispute that the citizenship of the plaintiff and these defendants is diverse.

[17] Plaintiff argued in the alternative that it should be permitted to amend its Petition if the court finds the Petition fails to sufficiently allege a cause of action against the non-diverse Perkins Rowe Defendants for open account, trespass or conversion. Record document number 29-4, p. 28-29. Whether the plaintiff should be allowed to amend its Petition is appropriately addressed after the court determines whether the case was properly removed.

[18] There is apparently no dispute that the property where the theater is located is owned only by Perkins Rowe Associates, and not by either of the other two Perkins Rowe Defendants. See record document number 47-3, Exhibit 1, Declaration of David Drummond (hereafter, Drummond Declaration), ¶ 7.

(continued...)

A careful review of the facts alleged and the claims asserted in the Petition leads to the conclusion that there is no reasonable basis to predict the plaintiff could recover against defendant Perkins Rowe Associates in state court on the unjust enrichment claim. The unjust enrichment claim fails for at least two reasons, either of which is sufficient to defeat it. First, the plaintiff did not allege that Perkins Rowe Associates has been enriched in any way. Plaintiff did not allege that defendant Cinemark paid Perkins Rowe Associates, rather than the plaintiff, for any of the chilled water supplied by the plaintiff to defendant Cinemark. Indeed, the plaintiff alleged that defendant Cinemark "failed to pay anything" for the chilled water.[19] And because defendant Perkins Rowe Associates is not obligated by the terms of the

---

[18](...continued)
This report assumes the plaintiff and the three Perkins Rowe Defendants are separate entities. However, the court acknowledges defendant Cinemark's allegation in its answer that the plaintiff and Perkins Rowe Associates are alter egos. Record document number 9, answer p. 2, Sixth Affirmative Defense. Defendant JLL argued that if the plaintiff and Perkins Rowe Associates are alter egos, then the obligation to provide chilled water to defendant Cinemark pursuant to the Theater Lease was the same obligation for both the plaintiff and Perkins Rowe Associates, and so no separate obligation would arise as between them. Record document number 49, p. 13.

[19] Record document number 1-2, ¶ 8; record document number 47-3, Drummond Declaration, ¶ 7. Defendant JLL noted in its opposition memorandum that in other litigation Perkins Rowe Associates acknowledged that it has no right to receive from defendant Cinemark amounts it owes to the plaintiff for chilled water. Record document number 49, p. 10, n. 6 (citing *Cinemark USA, Inc. v. Perkins Rowe Associates, LLC,* CV 09-89-JVP-SCR).

Theater Lease to pay for the chilled water the plaintiff provided to defendant Cinemark, Perkins Rowe Associates could not have been enriched by the non-payment of the chilled water invoiced to defendant Cinemark.

Plaintiff's allegation that defendant JLL and the Perkins Rowe Defendants "have been attempting to use the unpaid amounts for chilled water as an offset in a separate dispute with Cinemark" is unavailing. Plaintiff did not allege that JLL and the Perkins Rowe Defendants actually applied any debt owed to the plaintiff by defendant Cinemark as an offset to anything.[20]

Second, the plaintiff pled another remedy at law for recovery of the unpaid chilled water invoices: an open account claim against defendant Cinemark.[21] That the plaintiff may ultimately fail to establish defendant Cinemark's liability for payment of the chilled water invoices on an open account basis does not mean it has the right to plead unjust enrichment against defendant Perkins Rowe

---

[20] Defendant JLL argued that the plaintiff's allegation is both factually inaccurate and an improper attempt to use information from settlement discussions in violation of Rule 408, Fed.R.Evid. It is not necessary to further address or resolve this issue since the plaintiff did not allege that any offset actually occurred.

[21] The Petition does not use the term "open account" or refer to the state open account statute. In its supporting memorandum the plaintiff asserted that Cinemark is liable to it for the value of the chilled water "pursuant to law, including the Open Account Statute (La. R.S. 9:2781), as a result of its failure or refusal to pay for such chilled water." Record document number 29-4, p. 2, citing record document number 1-2, Petition, ¶¶ 1-10. Plaintiff did not make similar open account allegations in the Petition against defendant Perkins Rowe Associates.

Associates as an alternative basis for recovery.[22]

## Conclusion

Defendants JLL and Cinemark have shown that the plaintiff's Petition does not allege facts sufficient for this court to reasonably predict that the plaintiff may recover in state court on the only claim asserted in the Petition against any of the non-diverse Perkins Rowe Defendants, namely the unjust enrichment claim against Perkins Rowe Associates. Consequently, the defendants have shown that the Perkins Rowe Defendants were improperly joined, the case was properly removed and this court may exercise subject matter jurisdiction under § 1332.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Plaintiff's Motion for Remand to State Court be denied.

Baton Rouge, Louisiana, February 29, 2012.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[22] Plaintiff also pled an unjust enrichment claim against defendant Cinemark. It is not necessary to address or determine at this time whether the plaintiff's open account claim against defendant Cinemark also bars the plaintiff's unjust enrichment claim against defendant Cinemark.