UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CENTRAL FACILITIES OPERATING
COMPANY, L.L.C.
                CIVIL ACTION
VERSUS
                NUMBER 11-660-JJB-SCR
CINEMARK U.S.A., INC., ET AL

**RULING ON MOTION TO COMPEL**

  Before the court is plaintiff Cinemark USA, Inc.'s Motion to Compel and Motion to Extend Fact Discovery Deadline. Record document number 89. Only the Motion to Compel is addressed in this ruling. The Motion to Extend Fact Discovery Deadline will be addressed separately after the time for an appeal of this ruling has expired. The motion is opposed by plaintiff Central Facilities Operating Company, L.L.C.[1]

**Financial, operating, tax, and insurance discovery**

  This discovery dispute involves requests by Cinemark for information and documents from plaintiff Central Facilities Operating Company, L.L.C. ("CFOC") that were contained in several sets of discovery requests served by Cinemark from January through August 2012.[2] The principal issue involved in the dispute is how far back in time CFOC must go in responding to Cinemark's requests

---

[1] Record document number 92. Cinemark also filed a reply memorandum. Record document number 95.

[2] Record document number 92-2, CFOC Exhibit B.

Balhoff   Abbott
Carleton   Floyd

for information and documents generally related to the financial, operating, tax, and insurance matters of CFOC. CFOC argued that it should not be required to produce information and documents prior to December 2007, because that is when the Cinemark theater started to operate and CFOC began to supply chilled water to Cinemark and with some other tenants at Perkins Rowe.[3] Cinemark insists that its defense and counterclaim based on the theories of alter ego and single business enterprise entitle it to obtain information and documents going back to 2004, which is the year CFOC came into existence and the negotiations began for the theater lease.[4]

Cinemark's arguments in support of its position are unpersuasive.[5] Cinemark has the documents and information from 2007 and subsequent years. If, using those documents and information and whatever other documents and information it has, Cinemark cannot establish that CFOC acted as the alter ego of Perkins Rowe Associates, LLC or that the two entities were single business enterprise during the relevant time period, then

---

[3] CFOC stated that it did not begin supplying chilled water to any commercial retail tenant at Perkins Rowe until mid-2007, and started providing it to the Cinemark December 14, 2007. Record document number 92, CFOC opposition memorandum, pp. 9-10.

[4] Cinemark also pointed out that it entered into the lease agreement with Perkins Rowe in March 2005. Record document number 89-3, Exhibit A.

[5] Although not individually addressed in this ruling, all of the arguments and documents filed in connection with the motion have been reviewed. It is unnecessary to summarize each discovery request, argument and document submitted to rule on the motion.

information from 2004 through 2006 is not reasonably calculated to lead to the discovery of evidence relevant to its defense and counterclaim.  And if Cinemark can establish its claim and defenses with the information and documents it already has from 2007 forward, then it is unnecessary to obtain discovery going back to 2004.  Under either scenario, CFOC's objections to producing information and documents prior to December 2007 are well-founded, and Cinemark's argument that it needs the discovery from this earlier period to prove its defense and counterclaim is unpersuasive.  But there is this caveat: if at some point in the litigation CFOC attempts to rely on information and documents from prior to December 2007 that it refused or failed to timely disclose, then it may not be allowed to use such documents and information under Rule 37(c), Fed.R.Civ.P.

    For these reasons, Cinemark's Motion to Compel is denied as to the following discovery items:  Request for Production Numbers 3,[6] 4, 5, 6, 7, 23,[7] Third Supplemental Interrogatory Number 3,[8] Second Supplemental Request for Production of Documents Numbers 15, 16,

---

[6] In the reply memorandum Cinemark acknowledged that it now has the 2004 and 2005 tax returns.  However, Cinemark was still seeking supporting documents for these returns.  Record document number 95, p. 2.

[7] See record document number 92-8, Exhibit H (description of the documents requested and CFOC's response/objections).

[8] See record document number 92-9, Exhibit I (description of the information sought through the interrogatory and CFOC's answer/objection).

and 17.[9]

The remaining aspects of this discovery dispute are resolved as follows.

**Trane Services Contract**

In its answer to Interrogatory Number 9 of Cinemark's January 13, 2012 set of interrogatories, CFOC identified a November 3, 2005 contractual agreement with Trane, for Trane to provide maintenance services to the chillers.[10] Cinemark argued that the contract should be produced because it is responsive to its document requests that call for production of all documents showing accounts payable, and the fixed and variable costs for the chilled water facility.[11] According to Cinemark, the Spinosa entity with which Trane contracted and the person acting on behalf of that entity are relevant to Cinemark's claims and defenses.

Cinemark's conclusory statement that the document is relevant

---

[9] Cinemark stated that these document requests all related to supporting documents for CFOC tax returns. However, a review of the requests shows that Supplemental Request Number 15 does not relate to tax documents. It is a request for any documents going back to 2003 that CFOC provided to the Louisiana Department of Labor and/or the Occupational Health and Safety Administration. See, Record document number 92-11, Exhibit K, pp. 17-18. CFOC objected to the request, but nonetheless stated that it was not able to locate any documents responsive to the request. Therefore, this is an additional reason to deny the motion as to this request for production.

[10] Record document number 92-12, Exhibit L, p. 9.

[11] See record document number 92-8, Exhibit H, Requests for Production Numbers 6 and 23.

is unsupported. Besides the fact that the Trane contract is dated more than two years before the Cinemark theater began operations, it appears from Interrogatory 9 and CFOC's answer that CFOC entered into the contract with Trane. Therefore, it is not apparent, and Cinemark did not explain, how the contract would be relevant to proving its allegations of alter ego and single business enterprise.

**Four CFOC Lawsuits**

Cinemark's Supplemental Request for Production Number 1 of its June 11, 2012 set of discovery requested that CFOC "produce any and all pleadings and discovery in any suit to which you are a party dealing, in part and/or in whole, with the provision of chilled water and/or costs charged for said provision at the Perkins Rowe Mixed Development in Baton Rouge Louisiana."[12] In response CFOC identified four other lawsuits and objected to producing any documents. CFOC stated that the suits were public record and readily available to Cinemark, and otherwise objected that the documents sought were not relevant to this case. Cinemark argued that the documents are relevant because of the similarity between the subject matter, claims and defenses involved in this case and the four cases identified by CFOC. CFOC countered that the corporate deposition shows that these suits are different.

A request for production of all discovery responses produced

---

[12] Record document number 89-18, Cinemark Exhibit P, pp. 1-2.

in the four identified lawsuits is clearly over broad. Cinemark's unsupported assertion that all of these suits are similar is insufficient to require CFOC to provide it with copies of all the discovery from these four suits.

**Insurance Policies and Payments**

In its Second Supplemental Requests for Production Numbers 1 and 2,[13] Cinemark sought copies of insurance policies providing coverage to CFOC and evidence of payment for the coverage since 2004.[14] CFOC objected on grounds of relevancy. After review of the requests and the parties' arguments, this information appears reasonably calculated to lead to the discovery of admissible evidence on the issues of alter ego and/or single business enterprise. However, consistent with the ruling on the other discovery requests, CFOC is not required to produce any policies or payment documents from the time period prior to December 2007.

**Second Supplemental Requests for Production  
Numbers 6, 8, 10, 13-14**

These requests for production generally involved Cinemark's requests for documents related to loan and interest payments and

---

[13] Record document number 92-11, Exhibit K, pp. 1-3.  As written, Cinemark requested policies from 2002 forward, and only asked for insurance premium payments paid under the policies by Perkins Rowe or paid on behalf of Perkins Rowe.  However, based on the memoranda, Cinemark appears to have modified these requests to ask for the policies and any documents related to payment for the coverage from 2004 forward.

[14] Record document number 89-1, p. 10; record document number 95, p. 4.

expense reimbursements involving CFOC, Central Facilities, L.L.C., JT Spinosa, JTS Realty Services and Perkins Rowe Associates, L.L.C. As to each of these document requests, after noting its objections, CFOC stated that after a search of its records it was unable to locate any responsive documents. With regard to Second Supplemental Requests for Production Numbers 13 and 14, CFOC also noted that to the extent its general ledgers contained information relevant to the requests, it had already produced the ledgers. In its reply memorandum Cinemark did not dispute CFOC's position on these document requests. Thus, there is no basis to grant Cinemark's motion to compel as to Second Supplemental Requests for Production Numbers 6, 8, 10, 13 and 14.

### Conclusion

Accordingly, the Motion to Compel filed by defendant Cinemark U.S.A., Inc. is granted in part. In accordance with this ruling, Central Facilities Operating Company, L.L.C. shall produce for inspection and copying all documents that are responsive to Cinemark's Second Supplemental Requests for Production Numbers 1 and 2 (as modified, i.e. insurance policies and documents related to payments for coverage from December 2007 to present), without objections, within 14 days.

The remaining aspects of Cinemark's Motion to Compel are denied.

Under Rule 37(a)(5), Fed.R.Civ.P. each party shall bear its

own costs in connection with this motion.

    Baton Rouge, Louisiana, February 1, 2013.

                                    _____
                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE