UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CENTRAL FACILITIES OPERATING COMPANY, LLC

CIVIL ACTION

VERSUS

NO. 11-660-JJB-SCR

CINEMARK USA, INC., ET AL

## RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on a motion for partial summary judgment by plaintiff Central Facilities Operating Company, LLC ("CFOC") (Doc. 108) and a motion for summary judgment by defendant Cinemark USA, Inc. ("Cinemark") (Doc. 110). Both motions are opposed and both motions have been replied to by the respective parties. This Court entertained oral argument on July 23, 2013. For the reasons herein, the Court DENIES both motions. (Doc. 108 and 110).

CFOC filed this action to recover amounts due on unpaid invoices for the chilled water it supplies to Cinemark in the Perkins Rowe Shopping Center ("Shopping Center"). Cinemark entered into a lease agreement with Perkins Rowe Associates, LLC ("Perkins Rowe") on March 17, 2005. (Doc. 1, ¶ 2). The lease provides that all necessary utilities, including payments for chilled water shall be paid separately from Cinemark's monthly lease payment. (Doc. 110, Ex. B, art. VII).The lease further provides that the utilities shall be "metered to the Theatre at standard public rates." (*Id.*). According to the complaint, CFOC has

supplied chilled water to Cinemark since December 2007, but Cinemark has allegedly failed to pay for this service.

Cinemark contends that the rate CFOC is charging exceeds standard public rates and has filed a motion for summary judgment, asking (1) that this Court dismiss CFOC's claims against it because CFOC cannot recover under Louisiana's Open Account Statute because CFOC and Cinemark have no contractual agreement, (2) that this Court enforce the terms of the lease and set the standard public rate at 8.1 cents per ton hour to all prior invoices, and (3) that this Court find that the terms of the lease require chilled water to be provided at standard public electricity rates incurred by CFOC. (Doc. 110). CFOC contends that this is a straightforward collections suit and because there is no standard rate for chilled water, the rate must be reasonable and CFOC's rate is reasonable. (Doc. 108).

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The movant, or party seeking summary judgment, bears the burden of showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Here, the Court finds that it is not necessary to address Cinemark's arguments concerning the clean hands doctrine and piercing the corporate veil, nor is it necessary to address the arguments of both parties concerning the Louisiana Open Account Statute. Rather, the crux of this dispute centers on what is the appropriate rate to be charged for the chilled water – a

question that numerous briefings, oral argument, court-ordered settlement negotiations, and competing expert testimony cannot seem to answer.

The Court finds that there is a genuine issue of material fact as to what the appropriate rate is and therefore, summary judgment is not warranted. Accordingly, both CFOC and Cinemark's motions are hereby DENIED. (Doc. 108 and 110).

Signed in Baton Rouge, Louisiana on July 23rd, 2013.

_____
JAMES J. BRADY, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA